UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TODD N. MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00172-JRS-MJD |
| | ) | |
| B. SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Habeas Corpus
and Directing Issuance of Final Judgment**

Indiana prison inmate Todd Martin petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in the disciplinary case number ISF 18-12-0188. For the reasons explained in this Order, Mr. Martin's petition is **DENIED**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

**B. The Disciplinary Proceeding**

On December 16, 2018, Sgt. Travioli, a correctional officer with the Indiana Department of Correction (IDOC), wrote a Report of Conduct charging Mr. Martin with conspiracy to possess a controlled or lookalike substance, a violation of Indiana Adult Disciplinary Code 202 and 240. The Report of Conduct States:

> On 12/15/2018, at approx. 1045 in the exit-way of the South side of the PDR I, Sgt. Travioli #234, observed offender Martin, Todd #989216 and offender Anderson, Michael #218720 huddled up together talking. I asked both offenders what they were doing and they would not give me an answer. Officer Guymon #268 and myself escorted both offenders to the Porter's to be stripped searched. Offender Anderson was stripped searched first. While being searched, offender Anderson was observed swallowing an unknown substance and in possession of a pill bottle. Officer Guymon confiscated the pill bottle and found a piece of paper folded up inside. While unfolding the paper, offender Anderson lunged at Officer Guymon to take back the paper. This caused a white powdery substance that was in the paper to go in Officer Guymon and Officer Allen's face. Offender Martin was identified by state ID and escorted to DRHU.

Dkt. 12-1.

Mr. Martin was notified of the charge on December 28, 2018, when he received a copy of the Screening Report and pleaded not guilty. Dkt. 12-2. He did not ask to call any witnesses, but he did request the video recording of the alleged conduct. *Id.*

A disciplinary hearing was held on January 10, 2019. Dkt. 12-4. Mr. Martin told the hearing officer, "The only thing I did was give him four fingers and a thumb, wrong place wrong time." *Id.* The hearing officer considered the Report of Conduct, the video of the alleged conduct, and Mr. Martin's statement and found him guilty. *Id.* Mr. Martin received a 30-day deprivation of earned credit time and a suspended credit class demotion. *Id.*

Mr. Martin exhausted his administrative remedies by appealing to the Facility Head and the IDOC Final Reviewing Authority. Dkt. 12-6; dkt. 12-7. These appeals were denied. *Id.* Mr. Martin then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C.  Analysis

Mr. Martin's petition lists three grounds for relief, each of which claims that the evidence is insufficient to support his conviction. Dkt. 1 at 3.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Mr. Martin's first argument is that the evidence is insufficient because prison staff did not perform a field test or a chemical test to confirm that the white powdery substance Anderson attempted to swallow was a controlled substance. However, a correctional officer's opinion that a substance appears to be an illegal or prohibited drug satisfies the "some evidence" standard. *See Burks-Bey v. Vannatta*, 130 F. App'x 46, 48 (7th Cir. 2004) ("As to whether it was tobacco the guards found, prison officials do not need a chemist to help decide the question.") (citing *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004) (even in a criminal trial, chemical analysis is not required to prove the identity of a suspected controlled substance); *United States v. Pigee*, 197 F.3d 879, 890 (7th Cir.1999) (a sentencing judge may determine that cocaine base was crack through witness testimony; chemical analysis is not required)).

In addition to the opinion of Sgt. Travioli, the fact that Anderson concealed the white powder in a pill bottle and attempted to snatch it from Officer Guymon after it had been seized is some evidence that the powder was a controlled or lookalike substance.

Mr. Martin's second argument is that the evidence is insufficient because he passed a drug test shortly after the incident occurred. This fact alone is not proof of Mr. Martin's innocence. He was found guilty of conspiring to *possess or use* a controlled or lookalike substance. The Respondent did not need to prove that Mr. Martin was using controlled substances at the time of the incident so long as there was some evidence that he possessed or conspired to possess a controlled or lookalike substance.

Mr. Martin's third argument is that he did not conspire with Anderson to possess a controlled or lookalike substance—he was simply in the wrong place at the wrong time. The video shows Anderson and Mr. Martin glance backwards and duck into a corner as they leave the PDR. Dkt. 16. When Sgt. Travioli asked Mr. Martin what they were doing, he refused to answer. Officer Guymon searched Anderson and found a white powdery substance concealed in a pill bottle. This is some evidence that Mr. Martin conspired to possess a controlled or lookalike substance with Anderson, and his request for relief on this ground is **denied**.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Martin to the relief he seeks. Accordingly, Mr. Martin's petition for a writ of habeas corpus must be denied and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date:    2/14/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TODD N. MARTIN
989216
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov